**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| SARAH JESSICA ROMERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:26-cv-02156-FB-HJB |
| EQUIFAX INFORMATION SERVICES | ) |
| LLC; EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANS UNION, LLC; | ) |
| and WELLS FARGO BANK, NATIONAL | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendants. | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

In accordance with Federal Rule of Civil Procedure 26(f), the Local Court Rule CV-16, and this Court's Order Setting Video Initial Pretrial Conference (ECF No. 23), counsel for the parties, Plaintiff Sarah Jessica Romero ("Plaintiff"); Equifax Information Services LLC ("Defendant Equifax" or "Equifax"); Experian Information Solutions, Inc. ("Defendant Experian" or "Experian"); Trans Union, LLC ("Defendant Trans Union" or "Trans Union") (collectively with Equifax and Experian, "the Credit Bureau Defendants"); and Wells Fargo Bank, National Association ("Defendant Wells Fargo Bank" or "Wells Fargo Bank") (all collectively, "the Parties") conferred on June 23, 2026, via videoconference, and submit the following report of their conference for the Court's consideration.

1. **Parties' Statements Regarding the Cause(s) of Action, Defense(s), and Counterclaim(s), Including Elements of the Cause(s) of Action, Defense(s), and Counterclaim(s)**

   **Plaintiff's Statement:**

1

A.    *Plaintiff's Causes of Action*

Plaintiff asserts claims against the Defendants for actual, statutory, and punitive damages, costs, and attorneys' fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of Defendants' continued inaccurate reporting of a negative status, payment history, and/or late payment information (collectively hereinafter "late payment information") that resulted from the fraudulent takeover of Plaintiff's Wells Fargo credit card account, even after Plaintiff put Defendants on notice of the fraud through numerous disputes with documents evidencing the same.

The Credit Bureau Defendants are consumer reporting agencies, as defined in 15 U.S.C. § 1681a(f), that assemble, compile, and maintain files on consumers on a nationwide basis.  The Credit Bureau Defendants sell consumer reports generated from their databases and publish these consumer reports to various creditors who use the reports to make decisions regarding whether to offer credit to certain consumers. Consumer reporting agencies, such as the Credit Bureau Defendants, are legally obligated to:

    (a) follow reasonable procedures to assure maximum possible accuracy of the information they report, pursuant to the FCRA, 15 U.S.C. § 1681e(b);

    (b) (i) conduct a reasonable reinvestigation within thirty (30) days upon receipt of a dispute from a consumer, (ii) record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they receive the

2

notice of dispute from the consumer, and (iii) maintain reasonable procedures with which to filter and verify disputed information in consumers' credit files and reports, pursuant to the FCRA, 15 U.S.C. § 1681i;

(c) block information resulting from identity theft within four (4) business days after a consumer provides them with proof of identity theft, pursuant to the FCRA, 15 U.S.C. § 1681c-2(a);

(d) (i) maintain reasonable procedures designed to prevent reappearance of deleted information/reinsertion of previously deleted information, (ii) certify accuracy of reinserted information, (iii) provide timely notice of reinsertion, and (iv) provide additional information regarding reinserted information pursuant to the FCRA, 15 U.S.C. § 1681i(a)(5)(B)-(C); and

(e) provide the consumer with his or her credit file upon request for the same, pursuant to the FCRA, 15 U.S.C. § 1681g.

Defendant Wells Fargo Bank is a credit grantor and "furnisher" of consumer information, as defined in 15 U.S.C. § 1681s-2, that reports credit information to the consumer reporting agencies, including the Credit Bureau Defendants. Furnishers, like Defendant Wells Fargo Bank, are legally obligated to fully and properly investigate consumers' disputes of inaccurate representations; review all relevant information regarding the same provided by consumer reporting agencies; modify, delete, or permanently block information related to identity theft; and communicate

3

the same to the consumer reporting agencies within 30 days of receiving notice of a consumer's dispute, pursuant to the FCRA, 15 U.S.C. § 1681s-2(b).

**B.     *Elements of Plaintiff's Statutory Causes of Action***

A plaintiff pleads a prima facie claim under 15 U.S.C. § 1681e(b) when she alleges that: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Rodriguez v. Trans Union LLC*, No. 1:19-CV-379-LY, 2019 WL 5565956, at *2 (W.D. Tex. Oct. 28, 2019) (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010); *Iraheta v. Equifax Info. Servs., LLC*, 2018 WL 3770295, at *3 (W.D. La. Jan. 10, 2018)).

In order to allege a prima facie claim under 15 U.S.C. § 1681i against a consumer reporting agency for failure to conduct a reasonable investigation, "a plaintiff must show that an 'actual inaccuracy' exists in the reported information." *Rodriguez v. Trans Union LLC*, No. 1:19-CV-379-LY, 2019 WL 5565956, at *4 (W.D. Tex. Oct. 28, 2019) (citing *Messano v. Experian Info. Solutions, Inc.*, 251 F. Supp. 3d 1309, 1313 (N.D. Cal. 2017)); *see also Walters v. Certegy Check Servs., Inc.*, 2018 WL 1278212, at *4 (W.D. Tex. Mar. 12, 2018) ("a plaintiff must first contend a consumer report contained inaccurate information to establish a claim under § 1681i for failure to conduct a reasonable investigation").

**C.     *Summary of Plaintiff's Allegations***

4

Defendants failed to correct inaccurate, identity-theft-related negative late payment information on Plaintiff's Wells Fargo credit card account/credit tradeline despite having received numerous disputes from Plaintiff regarding the same, along with documents proving that she is the victim of identity theft.

After an identity thief intercepted Plaintiff's replacement Wells Fargo card in November 2022 and made unauthorized charges to it, Defendant Wells Fargo Bank accepted Plaintiff's fraud claim and credited all disputed charges, confirming the same via a written letter it sent to Plaintiff dated October 31, 2023. Defendant Wells Fargo Bank, however, proceeded to verify the inaccurate derogatory late payment information associated with Plaintiff's Wells Fargo credit card as accurate in response to multiple ACDVs it received from one or more of the Credit Bureau Defendants between March 2024 through March 2025, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

The Credit Bureau Defendants each violated

  (a)  15 U.S.C. § 1681e(b) by publishing inaccurate consumer reports to one or more third parties, despite knowledge of the identity theft and possession of documents from Plaintiff confirming the same, such as Plaintiff's police report and the above-referenced letter from Defendant Wells Fargo Bank dated October 31, 2023 confirming fraudulent charges;

  (b) 15 U.S.C. § 1681i by failing to perform a reasonable reinvestigation of Plaintiff's disputes;

(c) 15 U.S.C. § 1681c-2(a) by refusing to block the identity-theft-related late payment information associated with Plaintiff's Wells Fargo credit card within four (4) business days despite receiving Plaintiff's notices of dispute and supporting documentation;

(d) 15 U.S.C. § 1681i(a)(5)(B)–(C) by reinserting the previously deleted late payment information associated with Plaintiff's Wells Fargo credit card account in October 2024 and December 2024 without proper certification or timely consumer notice, with Defendant Experian providing no notice to Plaintiff whatsoever; and

(e)  15 U.S.C. § 1681g by failing to provide Plaintiff with copies of her credit files on multiple occasions despite having received Plaintiff's written requests for the same.

Defendant Wells Fargo Bank violated 15 U.S.C. § 1681s-2(b) by, among other things:

(a) Failing to conduct a reasonable investigation, including a review of all documents submitted by Plaintiff and/or in the possession of Well Fargo Bank supporting Plaintiff's numerous disputes;

(b) Falsely verifying that information reported by Wells Fargo is and was being accurately reported to the Credit Bureau Defendants despite communicating to Plaintiff that the same information is the result of identity theft;

(c) Failing to instruct the Credit Bureau Defendants to block, modify, or

6

delete the inaccurate information identified in Plaintiff's numerous disputes; and

(d) Failing to instruct the Credit Bureau Defendants to block, modify, or delete the inaccurate information reported on Plaintiff's consumer report while in possession of documents created by Wells Fargo Bank acknowledging that the same information is the result of identity theft.

## D.    *Plaintiff's Damages and Requests for Relief*

As a result of Defendants' violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, publication of false information regarding her credit activity and history to third parties; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; loss of the ability to purchase and benefit from her good name and credit rating; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, and embarrassment of the repercussions of identity theft, the Defendants' failure to properly address and rectify the situation pursuant to the FCRA's clear statutory mandates, and having fraudulent and inaccurate late payment information associated with her Wells Fargo Bank credit card account published to her current and potential creditors.

Plaintiff seeks actual damages, which are uncapped and unliquidated, or alternatively, statutory damages of not less than $100.00 and not more than $1,000.00, for the Credit Bureau Defendants' respective violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(1)(A), 15 U.S.C. § 1681c-2(a), 15 U.S.C.

§ 1681i(a)(5)(B)-(C), 15 U.S.C. § 1681g, and for Defendant Wells Fargo Bank's violations of 15 U.S.C. § 1681s-2(b). Plaintiff also seeks punitive damages in an unliquidated amount. Finally, Plaintiff seeks her reasonable attorneys' fees and costs as authorized by 15 U.S.C. §§ 1681n & 1681o, and all other and further relief, in law and equity, as the Court may deem appropriate and just.

### Defendant Equifax's Statement:

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

### Defendant Experian's Statement:

Experian denies Plaintiff's claims. This is a credit reporting case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information

8

originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers.  In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures.  In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports require notice from a consumer to alert Experian of a potential inaccuracy.

Experian states that it is still investigating the allegations in this matter, and the statements contained herein reflect Experian's knowledge and information as of the filing of this report.  In the instant case, Experian denies that it is liable to Plaintiff, and denies that Plaintiff suffered any damages as a result of any alleged wrongful actions or inactions of Experian.  At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file.  At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently.  Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

Experian believes that the key legal issues with respect to the claims regarding Experian are (1) whether Experian employed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports, which it maintains it did; (2) whether Experian conducted reasonable reinvestigations of the disputed account based on the information submitted by Plaintiff, which Experian maintains it did; and (3) whether Plaintiff's damages, if any, can be attributed to Experian.

**Defendant Trans Union's Statement:**

As discovery has just begun, Trans Union LLC ("Trans Union") cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency.  Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans

10

Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Experian, Equifax, any underlying creditor(s), and/or potential third parties. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

The key legal issues will focus on the fact that Trans Union performed a reasonable reinvestigation of Plaintiff's disputes and had reasonable procedures in place in assuring maximum possible accuracy of Plaintiff's Trans Union credit files. Further, the principal issues are:

- whether Plaintiff's Trans Union credit files contained any inaccuracy;

- whether any Trans Union consumer report(s) regarding Plaintiff contained an inaccuracy;

- whether Trans Union conducted a reasonable reinvestigation in response to Plaintiff's dispute of any underlying account(s) at issue;

- whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff;

- whether any failure to conduct a reasonable investigation or maintain

reasonable procedures was willful or negligent;

· whether Plaintiff suffered any damages; and whether Plaintiff alleged damages were caused by Trans Union.

**Defendant Wells Fargo Bank's Statement:**

Defendant Wells Fargo Bank N.A. denies each and every claim alleged by Plaintiff against Wells Fargo. Wells Fargo admits is a furnisher as that term in the Fair Credit Reporting Act. Wells Fargo disputes that it failed to comply with 15 U.S.C. § 1681s-2(b) or any other portion of the FCRA, and denies that it is liable to Plaintiff. Wells Fargo specifically states that it conducted a reasonable investigation into Plaintiff's disputes. Additionally, Wells Fargo denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for any damages in this case. Wells Fargo makes this statement without waiving any defenses and reserves the right to supplement this statement as Wells Fargo continues to evaluate the facts alleged in this matter.

**2.    Parties' Statement Regarding Outstanding Jurisdictional Issues**

The Parties agree that the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allow claims under the FCRA to be brought in any appropriate court of competent jurisdiction. No party disagrees with Plaintiff's allegation of federal jurisdiction and, thus, there are no outstanding jurisdictional issues.

**3.    Parties' Statement Regarding Named but Unserved Parties**

12

There are no unserved parties.  All Defendants have all been served and have all answered.

**4.      Parties' Agreements or Stipulations Regarding Facts in This Case or Element(s) of Any Cause(s) of Action**

Plaintiff and Defendants make the following factual stipulations or agreements:

The Parties have agreed to the following facts:

(a)      Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c);

(b)      Each Credit Bureau Defendant is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681a(f);

(c)      Defendant Wells Fargo Bank is a credit grantor and "furnisher" of consumer information, as defined by the FCRA, 15 U.S.C. § 1681s-2; and

(d)      The credit card account at issue is Plaintiff's Wells Fargo Bank credit card account, account number ending in 3004, opened in approximately June 2013.

The Parties have not yet agreed to additional factual stipulations and reserve the right to propose further stipulations as discovery proceeds.

**5.      Parties' Statements Regarding Legal Issues That Can Be Narrowed by Agreement or Motion**

**Plaintiff's Statement:**

Plaintiff reserves the right to file a motion for summary judgment as to one or more of the elements identified above or otherwise at issue against each named defendant.

**Defendant Equifax's Statement:**

None at this time.

**Defendant Experian's Statement:**

Experian is unaware of any current means to narrow the issues. However, Experian believes that such means may present themselves from further development of the case. Experian reserves the right to narrow the legal issues in this case by agreement or motion in the future.

**Defendant Trans Union's Statement:**

Trans Union reserves the right to file a Motion for Summary Judgment as to one or more of the elements identified above or otherwise at issue.

**Defendant Wells Fargo Bank's Statement:**

Wells Fargo reserves its right to narrow the legal issues in this case. Wells Fargo further reserves its right to file a Motion for Summary Judgment as to one or more of the elements identified above.

**6.    Parties' Statement Regarding Issues About the Preservation of Discoverable Information**

To date, there are none.

**7.    Parties' Statement Regarding Disclosure or Discovery of Electronically Stored Information ("ESI"), Including In What Forms ESI Should Be Produced and the Production of Metadata**

The Parties have agreed to produce ESI in searchable Portable Document Format ("PDF"), where possible, and agreed that in any instance where a document is unable to be converted to searchable PDF, the ESI will be produced in PDF on a CD or other electronic media.

The inadvertent disclosure or production of documents subject to protection by the attorney/client privilege and/or protected by the work product doctrine, or other

14

legal privilege, shall not constitute waiver of any privilege or other protection, provided that the producing party making the claim notifies the receiving party of the privilege claim and the basis for it provided that such notice is delivered within a reasonable time after the material that is the subject of the notice was originally produced.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved. The production of privileged or work-product protected documents or ESI, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

The Parties anticipate production of some documents that will be designated as confidential.  The Parties are currently in the process of negotiating, in good faith, the terms of a stipulated protective order and will submit the same to the Court for entry in the instant case.  The Parties agree that there may be a need for additional

discovery in this case to be governed by a protective order. The Parties agree concerning the need for, scope, and form of such a protective order. Their counsel will confer and then submit a jointly proposed protective order to the Court at such time using the model provided by the Western District of Texas.

The parties do not anticipate any ESI preservation issues. The parties do not believe that this case is suitable for discovery of electronically stored information in native format, but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

The parties agree that pursuant to Rules 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the

16

pleading or other papers by other authorized means.

If deemed necessary by the parties once discovery has commenced, the parties will separately file an ESI protocol.

**8.      Parties' Statements Regarding the Anticipated Subjects of Discovery**

**Plaintiff's Statement:**

Plaintiff intends to seek discovery on the following subjects:

1.      The Credit Bureau Defendants' policies and procedures as they pertain to the preparation of the credit reports and credit files they published and maintain concerning Plaintiff and the Credit Bureau Defendants' obligation to assure maximum possible accuracy of the contents of the same pursuant to the FCRA, 15 U.S.C. § 1681e(b);

2.      The Credit Bureau Defendants' policies and procedures as they pertain to handling and processing consumer disputes and reinvestigations pursuant to the FCRA, 15 U.S.C. § 1681i(a)(1)(A);

3.      The Credit Bureau Defendants' policies and procedures as they pertain to handling and processing consumers' requests to block information related to identity theft and reinvestigations pursuant to the FCRA, 15 U.S.C. § 1681c-2(a);

4.      The Credit Bureau Defendants' policies and procedures as they pertain to maintaining reasonable procedures designed to prevent reappearance of deleted information, reinsertion of previously deleted information, certifying the accuracy of reinserted information, providing timely notice of reinsertion, and providing additional information regarding reinserted information pursuant to the FCRA, 15 U.S.C. § 1681i(a)(5)(B)-(C);

17

5.     The Credit Bureau Defendants' policies and procedures as they pertain to providing consumers with their credit files upon request for the same, pursuant to the FCRA, 15 U.S.C. § 1681g;

6.     Defendant Wells Fargo Bank's policies and procedures as they pertain to handling and processing consumer disputes and investigations pursuant to the FCRA, 15 U.S.C. § 1681s-2(b);

7.     All communications, including ACDVs and AUDs, that the Credit Bureau Defendants sent to and received from Defendant Wells Fargo Bank and/or vice versa;

8.     Plaintiff's credit and consumer relations files, and other internal documents regarding Plaintiff's credit files and reports from the Credit Bureau Defendants;

9.     All communications, including Plaintiff's disputes, between Plaintiff and Defendants and all responses to such communications, including responses to Plaintiff's disputes;

10.    The identities, location(s), and employer(s) of all ACDV dispute operators, agents, and/or employees of Defendants who handled the reinvestigations of Plaintiff's multiple disputes on behalf of Defendants;

11.    Prior lawsuits filed against the Credit Bureau Defendants in each of the five years immediately preceding the date of Plaintiff's Complaint for alleged violations of the FCRA, 15 U.S.C. §§ 1681e(b), 1681i, 1681c-2(a), 1681i(a)(5)(B)-(C), and 1681g stemming from allegations of identity theft on consumers' credit files and

reports for purposes of establishing evidence of willfulness;

12. The total number and nature of prior credit file disputes and complaints regarding identity theft received by the Credit Bureau Defendants in each of the five years immediately preceding the date of Plaintiff's Complaint, for purposes of establishing evidence of willfulness;

13. Prior lawsuits filed against Defendant Wells Fargo Bank in each of the five years immediately preceding the date of Plaintiff's Complaint, for alleged violations of 15 U.S.C. § 1681s-2(b) stemming from allegations of identity theft and failing to conduct a reasonable investigation of consumer disputes of accounts and other information related to said theft, for purposes of establishing evidence of willfulness;

14. Whether the Credit Bureau Defendants followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports and credit files as required by the FCRA, 15 U.S.C. § 1681e(b);

15. Whether the Credit Bureau Defendants conducted a reasonable reinvestigation of each of Plaintiff's disputes, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, and correct the disputed information, as required by the FCRA, 15 U.S.C. § 1681i;

16. Whether the Credit Bureau Defendants violated the FCRA, 15 U.S.C. § 1681i(a)(5)(B)-(C) by failing to maintain reasonable procedures designed to prevent the reappearance of deleted information, reinsertion of previously deleted

information, failed to certify accuracy of the reinserted information, failed to provide timely notice of the reinsertion, and failed to provide additional information regarding reinserted information;

17.     Whether the Credit Bureau Defendants violated the FCRA, 15 U.S.C. § 1681g by failing to provide Plaintiff with her credit file despite Plaintiff's requests for the same;

18.     Whether Defendant Wells Fargo Bank conducted a reasonable investigation of Plaintiff's disputes and reviewed all relevant information provided by Plaintiff and the Credit Bureau Defendants, as required by the FCRA, 15 U.S.C. § 1681s-2(b);

19.     Whether Defendants' failures to comply with the FCRA were negligent;

20.     Whether Defendants' failures to comply with the FCRA were willful; and

21.     Whether Defendants' failures to comply with the FCRA caused Plaintiff's damages.

**Defendant Equifax's Statement:**

Defendant anticipates discovery on the following matters: whether Plaintiff's Equifax credit file contained an inaccuracy; whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; whether Equifax maintained reasonable procedures to assure maximum possible accuracy of consumer reports regarding Plaintiff; whether any reinvestigation conducted by Equifax violated the FCRA; whether Plaintiff has met her burden of proving a claim against Equifax for negligent noncompliance with the FCRA; whether Plaintiff has met her burden of proving a

claim against Equifax for willful noncompliance with the FCRA; whether Plaintiff suffered any damages proximately caused by any action or inaction of Equifax; whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Equifax pursuant to the FCRA; whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff herself; and whether Plaintiff failed to mitigate her damages.

**Defendant Experian's Statement:**

Experian anticipates the following subjects of discovery:

1. The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

2. Communications between Plaintiff and Experian;

3. Communications between Plaintiff and her creditors;

4. The facts and circumstances surrounding Plaintiff's alleged damages;

5. The causation relating to Plaintiff's alleged damages;

6. The facts and circumstances surrounding Plaintiff's alleged adverse credit action, if any;

7. Plaintiff's credit history and usage;

8. The facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and

9. Any other issues raised by the pleadings or discovery.

**Defendant Trans Union's Statement:**

21

Trans Union anticipates serving written discovery on the Plaintiff. Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**Defendant Wells Fargo Bank's Statement:**

Wells Fargo anticipates the following subjects of discovery:

- The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

- Communications between Plaintiff and Wells Fargo;

- Communications between Plaintiff and any third party regarding Plaintiff's Complaint;

- Communications between Plaintiff and her creditors;

- The facts and circumstances surrounding Plaintiff's alleged damages;

- The facts and circumstances surrounding Plaintiff's identify theft

allegations;

- The causation relating to Plaintiff's alleged damages;

- The facts and circumstances surrounding Plaintiff's alleged adverse credit action, if any;

- Plaintiff's credit history and usage;

- The facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and

- Any other issues raised by the pleadings or discovery.

**9.   Parties' Statement Regarding Initial Disclosures, Including Requested Changes in the Timing, Form, or Requirement for Initial Disclosures**

Initial Disclosures have not been made by any party. The Parties will make their initial disclosures on or before **July 10, 2026.**

**10.   Parties' Statement Regarding Discovery Conducted to Date, Anticipated Discovery, and Phased or Limited Discovery**

No formal or informal discovery has been completed to date. All the subjects listed in Section 8, above, remain to be completed and the Parties anticipate a discovery completion date of **February 15, 2027**.   The Parties have considered conducting discovery in phases but do not believe it to be necessary, and the Parties have not agreed to limit discovery.

**11.   Parties' Statement Regarding Early Mediation**

The Parties have discussed early mediation and do not agree that it is appropriate at this time. The Parties are open to mediation at a later date, but in no event later than **February 19, 2027**, if the Parties' settlement efforts are

23

unproductive. At that time, the Parties will agree on a mediator, a date and time for the mediation to take place, and a mediation deadline.

**12.   Parties' Statement Regarding a Proposed Order Pursuant to Federal Rule of Evidence 502**

The Parties anticipate requesting a FRE Rule 502(d) order as discussed in greater detail in Section 7, above.

**13.   Parties' Statement Regarding Entry of a Confidentiality and Protective Order**

The Parties have agreed to work together, in good faith, to draft a joint stipulated protective order and apply to the Court for entry of same, pursuant to Rule 26(c). Plaintiff will seek discovery related to Defendants' internal policies and procedures. Defendants have expressed to Plaintiff that such information is believed to contain trade secrets, proprietary information, confidential, or other privileged subject matters. Thus, for this reason alone but possibly others, a protective order that contemplates such disclosure of Defendants' production of proprietary and also potentially some private consumer-related personal information related to Plaintiff is necessary in this case. There are currently no other scheduling or discovery items that require the Court's attention.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld

on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

**14.    Parties' Statement Regarding Pending Discovery Disputes Requiring the Court's Attention at This Time**

There are currently no pending discovery disputes to bring to the Court's attention at this time.

Respectfully submitted,

Dated: July 2, 2026

By: */s/ Hans W. Lodge*
Hans W. Lodge, MN Bar No. 0397012
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bergermontague.com

*Counsel for Plaintiff*
*Sarah Jessica Romero*

Dated: July 2, 2026

By: */s/ Jennifer R. Brooks*
Jennifer R. Brooks
**SEYFARTH SHAW LLP**
2323 Ross Ave., Suite 1660
Dallas, Texas 75201
Telephone:  (469) 608-6700
Fax: (713) 225-2340
jrbrooks@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

Dated: July 2, 2026

By: */s/ Samantha L. Jandl*
Samantha L. Jandl (*pro hac vice*)
**GOODWIN PROCTER LLP**
100 Northern Ave.

25

Boston, MA 02210
T: (617) 570-1066
F: (617) 570-1231
SJandl@goodwinlaw.com

Lauren Kuehn Pelletier
NY Bar No. 5581160
**GOODWIN PROCTER**
620 8th Ave.
New York, NY 10018
T: (212) 459-7492
F: (212) 355-3333

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

Dated: July 2, 2026

By: */s/Paul W. Sheldon*
Paul W. Sheldon
psheldon@qslwm.com
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C**.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
(214) 560-5453
(214) 871-2111 Fax

*Counsel for Defendant*
*Trans Union, LLC*

Dated: July 2, 2026

By: */s/ Taylre C. Janak*
Taylre C. Janak, TX Bar No. 24122751
**REED SMITH, LLP**
2850 N. Harwood Street Suite 1500
Dallas, TX 75201
Telephone: 469-680-4200
Fax: 469-680-4299
tjanak@reedsmith.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

26

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.


*/s/ Hans W. Lodge*
Hans W. Lodge