**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| SARAH JESSICA ROMERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:26-cv-02156-FB-HJB |
| EQUIFAX INFORMATION SERVICES | ) |
| LLC; EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANS UNION, LLC; | ) |
| and WELLS FARGO BANK, NATIONAL | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendants. | |

**PROPOSED SCHEDULING RECOMMENDATIONS**

In accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas, this Court's Order for Scheduling Recommendations and Advisory Concerning Assignment of Magistrate Judge (ECF No. 20), and the Order Setting Video Initial Pretrial Conference (ECF No. 23), counsel for the parties, Plaintiff Sarah Jessica Romero ("Plaintiff"); Equifax Information Services LLC ("Defendant Equifax" or "Equifax"); Experian Information Solutions, Inc. ("Defendant Experian" or "Experian"); Trans Union, LLC ("Defendant Trans Union" or "Trans Union") (collectively with Equifax and Experian, "the Credit Bureau Defendants"); and Wells Fargo Bank, National Association ("Defendant Wells Fargo Bank" or "Wells Fargo Bank") (all collectively, "the Parties") conferred on June 23, 2026, via videoconference. The Parties have agreed to the below proposed dates and recommend that the

1

following deadlines be entered in the scheduling order to control the course of this case:

1.      The Parties must make initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) on or before **July 10, 2026**.  To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2.      On or before **August 10, 2026**, the Parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider, the method of compensating the provider, and a date for completing the ADR proceeding no later than the date set out in Paragraph 10 below.  *See* Local Rule CV-88(a).

3.      Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before **September 4, 2026** and each opposing party must respond, in writing on or before **September 18, 2026**.  All offers of settlement are to be private, not filed.  The Parties must retain the written offers of settlement and response, as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings.  At any time, if the Parties reach a settlement, they should immediately notify the Court by filing a joint advisory.  The joint advisory must state the parties who reached the settlement and whether a settlement conference is required or desired.  If a conference is requested, the Parties must confer and provide mutually agreeable potential dates for the conference.

4.      On or before **September 4, 2026** the Parties must file any motion seeking leave to amend pleadings or join parties.  To the extent it may apply in this case, the deadline for Defendants to file a motion to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a), is **September 4, 2026**.

5.      Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **November 6, 2026**.

6.      Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **December 7, 2026**.

7.      Parties must file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8.      The deadline to file supplemental expert reports required under Federal

Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The Parties are advised that any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9.      The Parties must initiate all discovery procedures in time to complete discovery on or before **February 15, 2027**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). The Parties may be agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances. *See id.* No trial date setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery.

10.     Parties must complete the agreed mediation or other ADR proceeding by **February 19, 2027**. At the conclusion of any ADR proceeding, a report must be filed with the Court. See Local Rule CV-88(g). A motion objecting to ADR must be filed no later than **December 20, 2026**. At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g).

11.     On or before **March 17, 2027**, the Parties must file any motion to challenge or exclude expert witnesses. Any such motion must specifically state the basis for the motion and identify the objectionable testimony.

12.     On or before **April 1, 2027**, the Parties must file any dispositive motions, including motions for summary judgment on all or some of the claims. Dispositive motions and responses to dispositive motions shall be limited to twenty (20) pages in length. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13.     The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

14.     All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on June 23, 2026, and the Parties have agreed as to its contents.

Respectfully submitted,

Dated: July 2, 2026                    By: */s/ Hans W. Lodge*

Hans W. Lodge, MN Bar No. 0397012
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bergermontague.com

*Counsel for Plaintiff*
*Sarah Jessica Romero*

Dated: July 2, 2026

By: */s/ Jennifer R. Brooks*
Jennifer R. Brooks
**SEYFARTH SHAW LLP**
2323 Ross Ave., Suite 1660
Dallas, Texas 75201
Telephone:  (469) 608-6700
Fax: (713) 225-2340
jrbrooks@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

Dated: July 2, 2026

By: */s/ Samantha L. Jandl*
Samantha L. Jandl (*pro hac vice*)
**GOODWIN PROCTER LLP**
100 Northern Ave.
Boston, MA 02210
T: (617) 570-1066
F: (617) 570-1231
SJandl@goodwinlaw.com

Lauren Kuehn Pelletier, NY Bar No. 5581160
**GOODWIN PROCTER**
620 8th Ave.
New York, NY 10018
T: (212) 459-7492
F: (212) 355-3333

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

4

Dated: July 2, 2026

By: */s/ Paul W. Sheldon*
Paul W. Sheldon, TX Bar No. 18191480
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, PC**
5801 Tennyson Pkwy, Suite 440
Plano, TX  75024
Tel: (214) 560-5453
psheldon@qslwm.com

*Counsel for Defendant*
*Trans Union, LLC*

Dated: July 2, 2026

By: */s/ Taylre C. Janak*
Taylre C. Janak, TX Bar No. 24122751
**REED SMITH, LLP**
2850 N. Harwood Street Suite 1500
Dallas, TX 75201
Telephone: 469-680-4200
Fax: 469-680-4299
tjanak@reedsmith.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

5

## CERTIFICATE OF SERVICE

I, Hans W. Lodge, hereby certify that on July 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF systems, which will automatically send notification of such filing to all counsel of record.


/s/ *Hans W. Lodge*
Hans W. Lodge

6